IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GILBERTO CANALES, JR.,

    Plaintiff,

v.                                                                        No. 1:17-cv-01148-JDB-cgc

PAUL THOMAS,

    Defendant.

ORDER DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE
TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

INTRODUCTION AND PROCEDURAL HISTORY

The Plaintiff, Gilberto Canales, Jr., and Joshua Tripp, proceeding *pro se*, initiated this action on August 4, 2017, against the Defendant, Paul Thomas, sheriff of Gibson County, Tennessee. (Docket Entry ("D.E.") 1.) When the complaint was filed, both inmates were incarcerated at the Gibson County Correctional Complex ("GCCC") in Trenton, Tennessee. On November 19, 2018, the Court severed the Plaintiff's claims from those of Tripp. (D.E. 8.) At that point, this case proceeded with Canales as the sole Plaintiff. In an order entered November 30, 2018, the Court granted him leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"). (D.E. 10.) This matter is now before the Court for screening.[1]

---

[1] In doing so, the Court will consider only those allegations in the complaint attributable to Canales.

## SCREENING STANDARD

Courts are required to screen prisoner complaints and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers[] and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted).

## PLAINTIFF'S ALLEGATIONS AND ANALYSIS

Canales alleges, pursuant to 42 U.S.C. § 1983, that he suffered discrimination in the form of denial of a prison job at GCCC based upon his status as a sex offender. Section 1983 provides in pertinent part that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably,

establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011)).

The statute of limitations period for § 1983 suits is to be borrowed from the law of the forum state. *Green v. City of Southfield, Mich.*, ___ F. App'x ___, 2018 WL 6787563, at *3 (6th Cir. Dec. 26, 2018) (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)). Thus, Tennessee's one-year limitations period for federal civil rights actions governs Canales's claim. *Thomas v. Copeland*, ___ F. App'x ___, 2018 WL 6566865, at *3 (6th Cir. Dec. 12, 2018) (citing Tenn. Code Ann. § 28-3-104(a)(1)(B)). Accrual of a § 1983 claim, however, is determined by federal law. *Id.* "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Sevier v. Turner*, 742 F.3d 262, 273 (6th Cir. 1984)) (internal quotation marks omitted).

Canales asserted that he was informed by GCCC staff on May 23, 2016, that he could not work at a prison job because he was a sex offender. Therefore, as his claim accrued on that date, his complaint, filed more than one year later in August of 2017, is time-barred. In addition, to the extent he seeks declaratory or injunctive relief against the named Defendant in this case with respect to the instant claim, such a request is moot. On February 20, 2018, Canales notified the Court that he had been transferred from GCCC to another facility. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (complaint for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility). This action is, therefore, DISMISSED in its entirety for failure to state a claim on which relief can be granted.[2] *See* 28 U.S.C. §§

---

[2] The Sixth Circuit has held that a district court may allow a prisoner to amend his or her complaint to avoid *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944,

3

1915(e)(2)(B)(ii) and 1915A(b)(1).

APPEAL ISSUES

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Canales in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal in this matter by Canales would not be taken in good faith. In accordance with § 1915(a)(3), the Court CERTIFIES that an appeal would not be taken in good faith.

Additionally, the Court must address the assessment of the $505 appellate filing fee should Plaintiff nevertheless appeal. 28 U.S.C. § 1913(1). Certifying that an appeal would not be taken in good faith does not affect an indigent, incarcerated plaintiff's ability to take advantage of the installment procedures contained in 28 U.S.C. § 1915(b). Accordingly, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, Canales must comply with the procedures therefor, which require filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of any future filings by Canales, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015).

---

951 (6th Cir. 2013). However, the Court declines to grant Plaintiff leave to amend, as the Court finds that he cannot cure the aforementioned defect in his complaint.

CONCLUSION

Based on the Court's dismissal of this matter for failure to state a claim on which relief may be granted, the Clerk of Court is DIRECTED to prepare a judgment.

IT IS SO ORDERED this 23rd day of January 2019.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE